UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAMES JONES

      Plaintiff(s),

 -against-

THE CITY OF NEW YORK,
POLICE OFFICER(S) "JANE DOE" AND
"JOHN DOE" 1-10.

1 'through' 10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).
      Defendant(s).



ORIGINAL
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAR 17 2009 ★
BROOKLYN OFFICE

CASE No.: 09 1088
COMPLAINT

PLAINTIFF(S) DEMAND
TRIAL BY JURY

MAUSKOPF, J.

LEVY, M.J.

 Plaintiff DWAYNE BACON, by his attorney, PAUL A. HALE, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

 1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff is also asserting supplemental state law tort claims.

### JURISDICTION

 2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

 3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391 (b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, JAMES JONES, born 2/7/1959 (48 years old at the time of incident), is a African American male, a citizen of the United States, and at all relevant times a resident of the State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

10. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

## FACTUAL ALLEGATIONS

11. On or about 2/6/2008 at 6:40 PM plaintiff was legally in the first floor hallway of

his apartment building, located at 128 Lewis Ave Brooklyn, New York.

12. While plaintiff was returning home from the corner deli with cheese, he walked by Apartment 1D's door in the first floor hallway of his apartment building.

13. When plaintiff walked by the door and was immediately grabbed by his arm by a police officer hiding behind 1D's door.

14. The officer is a white male and approximately 6'2" and weighs approximately 220 lbs.

15. Plaintiff had his arm twisted behind his back by the male officer.

16. Plaintiff's face was then smashed into a wall by the male officer, which split his lip and destroyed his eye glasses.

17. Plaintiff was then kneed in the face by the male officer.

18. Plaintiff was thrown to the ground by the male officer.

19. The male officer then jumped on the center of plaintiff's back with his knee.

20. Plaintiff was then handcuffed by the male officer.

21. Next, an African American female officer sprayed two full cans of mace into plaintiff's face.

22. During this entire assault plaintiff was called numerous derogatory names, including, but not limited to: mother fucker and piece of shit.

23. Immediately plaintiff began asking for medical treatment for his shoulder, split lip, and the mace in his eyes and airway.

24. Each time plaintiff requested medical attention, he was told to "shut the fuck up."

25. Plaintiff was then placed in the back of a police van.

26. For approximately four and a half hours plaintiff was driven around Brooklyn in

the police van.

27. Plaintiff asked no less than four times for medical treatment for his shoulder, split lip, and mace still in his eyes and airway.

28. Again, each time plaintiff requested medical attention, he was told to "shut the fuck up."

29. Eventually, plaintiff was taken to central booking.

30. Officers attempted to strip search plaintiff in front of female prisoners.

31. Plaintiff complained and the female prisoners were moved.

32. Plaintiff was then fully disrobed and forced to squat.

33. Plaintiff asked different officers for medical treatment.

34. Plaintiff's requests were ignored throughout the night.

35. Just before he was brought to the court room, plaintiff asked for medical treatment again.

36. Plaintiff was told by a corrections officer that he would be held at Belleview for an additional 72 hours if he asked for medical treatment and that he was about to see the judge.

37. Plaintiff saw the judge and was released on his own recognizance at approximately 11:30 PM on 2/7/2008.

38. Plaintiff was charged with Attempted Assault in the third degree, Obstructing Governmental Administration in the second degree, and resisting arrest.

39. Plaintiff had to return to court approximately 12 times for these charges.

40. Plaintiff was given an ACD on 2/24/2009.

41. Plaintiff received and is still receiving medical attention for the injuries sustained in this arrest.

42. This was the first contact that plaintiff has ever had with police.

43. There was no reasonable suspicion of wrongdoing when plaintiff was approached, seized, assaulted, detained, arrested and prosecuted.

44. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights.

45. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

46. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

47. During the events described above, defendants acted maliciously and with the intent to injure plaintiff.

48. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages:

    A. An arrest not based upon probable cause;

    B. Unwarranted and malicious criminal prosecution;

    C. Deprivation of liberty without due process of law;

    D. Excessive force imposed upon him;

    E. Summary punishment imposed upon him; and

    F. Denied equal protection under the law.

## NOTICE OF CLAIM

49. Within 90 days of the events giving rose to this claim, plaintiff filed a written notice of claim against the New York City office of the Comptroller on 4/14/2008.

50. A 50h hearing was conducted on 6/4/2008.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. S 1983

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

52. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

53. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

54. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

55. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

56. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

57. The acts complained of deprived plaintiff of his rights:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

C. To be free from unwarranted and malicious criminal prosecution;

D. Not to have excessive force imposed upon him;

E. Not to have summary punishment imposed upon him; and

F. To receive equal protection under the law.

## **PENDANT STATE CLAIMS**

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

59. Within (90) days after the claim herein accrued, the plaintiff duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

60. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

61. Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and said Hearings were conducted.

62. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

63. Plaintiff has complied with all conditions precedent to maintaining the instant action.

64. This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

## **FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
## **ASSAULT**

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in the

previous paragraphs with the same force and effect as if fully set forth herein.

66. Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

67. As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

69. Defendant police officers touched plaintiff in a harmful and offensive manner.

70. Defendant police officers did so without privilege or consent from plaintiff.

71. As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE ARREST

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

73. Defendant police officers arrested plaintiff in the absence of probable cause and without a warrant.

74. As a result of the aforesaid conduct by defendants, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

75. The aforesaid actions by the defendants constituted a deprivation of the plaintiffs

rights.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

77. As a result of the foregoing, plaintiff was falsely imprisoned, his liberty was restricted for an extended period of time, was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints.

78. Plaintiff was conscious of said confinement and did not consent to same.

79. The confinement of plaintiff was without probable cause and was not otherwise privileged.

80. As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS PROSECUTION

81. Plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

82. On 2/6/2008, defendants commenced a criminal proceeding against plaintiff.

83. Defendants lacked probable cause to commence said criminal proceeding against plaintiff.

84. Defendants were motivated by actual malice in commencing said criminal proceeding against plaintiff.

85. From 2/6/2008 through 2/24/2009 plaintiff was forced to repeatedly make appearances in Criminal Court to defend himself against the unlawful prosecution initiated by

defendants.

86. On 2/24/2009, the criminal prosecution against plaintiff was terminated in his favor when all charges were dismissed.

87. As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

88. Plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

89. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

90. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

91. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

92. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

93. As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

94. Plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

95. Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of said its Police Department, including the defendants individually named above.

96. Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department, including the defendants individually named above.

97. Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

98. By reason of the aforesaid conduct by defendants, plaintiff requests the following relief:

> A. Compensatory damages in the amount of one million dollars ($ 1,000,000);
>
> B. Punitive damages in the amount of two million dollars ($2,000,000);
>
> C. An award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements; and
>
> D. Any further relief as the Court may find just and proper.

**WHEREFORE,** plaintiff demands judgment in the sum of one million dollars ($1,000,000) in compensatory damages, two million dollars ($2,000,000) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: 3/5/2009
Brooklyn, NY

_____
Attorney for Plaintiff(s)
PAUL HALE ESQ. [PH-8273]
26 Court Street, Suite 1901

Brooklyn, NY 11242
PHONE: (718) 554-7344